## CIRCUIT COURT OF THE CITY OF NORFOLK

Linda Robinson

v.

Richard N. Valentine, Jr., et al.

August 11, 2014

Case No. (Civil) CL07-4070-02

By Judge Junius P. Fulton, III

The Plaintiff has requested that this Court grant a mistrial, or in the alternative, set aside the jury verdict and direct a new trial. The basis for the Plaintiff's motion is that Juror Barnes, who ultimately served as the foreperson of the jury, is guilty of misconduct. The allegations of misconduct concern her response to a question which was asked of the jury during voir dire. The question was:

> Is there anyone here whose immediate family member or themselves work in the medical field such that it might be, you know, with doctors, nurses, hospitals?

The question was posed in the present tense and Juror Barnes made no response. However, it was determined post-trial that Juror Barnes had been previously employed as a registered nurse and at the time of the voir dire was no longer working in the healthcare field. The Plaintiff argues that although the voir dire inquiry was related solely to current employment, Juror Barnes was still obligated to disclose previous employment in the healthcare field. It should be noted that there was no further voir dire inquiry concerning past employment, medical training, etc.

To obtain a new trial because of something that occurred during voir dire, "A party must first demonstrate that a juror failed to answer honestly a material question on voir dire, and then further show that a correct response would have provided a valid basis for a challenge for cause." *McDonough Power Equip. v. Greenwood*, 464 U.S. 548, 556 (1984).

Both Plaintiff and Defendant rely upon *Allied Concrete v. Lester*, 285 Va. 295 (2013), in support of their respective positions on this question. That case also concerns a jurors failure to respond to a voir dire inquiry.

However, notwithstanding that factual similarity, the issue in this case is even clearer as there can be no suggestion that Juror Barnes failed to honestly answer the material question on voir dire concerning current employment. Furthermore, she cannot be faulted for failing to volunteer additional information that was not sought.

The Court notes that the Plaintiff and Defendants in this matter have endured four trials extending over a period of years since this matter was initially filed in 2007. Both have endured much during the process and are entitled to finality. Given the lack of any dishonesty by Juror Barnes, the Court must deny the Plaintiff's motions and allow the jury verdict to stand.

The Clerk is directed to prepare a final order dismissing the case with prejudice.